Matter of Kay v Citibank, N.A. (2026 NY Slip Op 01128)

Matter of Kay v Citibank, N.A.

2026 NY Slip Op 01128

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 153366/20|Appeal No. 5968|Case No. 2025-02062|

[*1]In the Matter of Sopio Kay etc., Petitioner-Appellant,
vCitibank, N.A., Respondent, Fisher Island Holdings, LLC, Respondent-Respondent.

Heller Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan LLP, New York (Joseph H. Margolies of counsel), for respondent.

Order, Supreme Court, New York County (Lancelot B. Hewitt, Referee), entered March 6, 2025, which determined that petitioner failed to demonstrate that she was the sole owner of personal property contained in the subject safe deposit box such that the personal property was beyond the scope of the restraining notice served upon respondent Citibank, N.A., by respondent Fisher Island Holdings, LLC, the judgment creditor, unanimously affirmed, without costs.
The Special Referee's conclusions were supported by a fair interpretation of the evidence, especially as credibility was an important factor (see Matter of State Farm Mut. Ins. Cos. v Goldberg, 226 AD2d 115, 116 [1st Dept 1996]). The Special Referee correctly found that the signature card established that petitioner intended to provide her husband, the judgment debtor, with unfettered access to the safe deposit box, and the bank's access record showed that he often visited the box alone and more frequently than petitioner. Given the Special Referee's finding that petitioner's testimony was not credible with respect to why her husband was granted access to the box, there was no credible direct evidence rebutting the presumption of joint tenancy under Banking Law § 675 (see Matter of New York Community Bank v Bank of Am., N.A., 169 AD3d 35, 38-39 [1st Dept 2019], lv denied 33 NY3d 908 [2019]).
Petitioner contends that she presented direct evidence of sole ownership of some of the contents of the safe deposit box, which the Special Referee found credible. However, nothing in Banking Law § 675 suggests that an analysis of joint tenancy rights proceeds on an item-by-item basis. The statutory presumption applies to the entire contents of the box since petitioner's husband had access to everything in the box.
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026